UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
JAMES PLONSEY,                                  :         CASE NO. 1:18-CV-2104
                                                :
    Plaintiff,                            :
                                                :
vs.                                             :         OPINION & ORDER
                                                :         [Resolving Docs. 13, 15]
GERALDINE LANIGAN, *et al.*,                    :
                                                :
    Defendants.                          :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff claims that Defendants breached an agreement to sell their home health care business. At the Court's January 8, 2019 case management conference, it came to light that Plaintiff's counsel Elizabeth Zink-Pearson previously represented Defendants. The Court asked the parties to submit position papers discussing whether Plaintiff counsel's previous representation posed an ethical issue.[1] The Court construes Defendants' response as a motion to disqualify Plaintiff's counsel.[2]

For the following reasons, the Court **GRANTS** Defendants' motion to disqualify.

## I.    Background

Beginning in 2010, Plaintiff counsel's firm Pearson & Bernard provided legal advice to Defendants. The firm advised Defendants regarding various Medicare-related issues and revisions to their business operating agreement.[3] The parties also agree that, in 2016, Zink-

---

[1] Docs. 13, 15. Plaintiff originally filed his response without exhibits. Doc. 14. The Court grants Plaintiff's motion to refile the motion with affidavit exhibits.
[2] The Court also would have the power to disqualify counsel *sua sponte*. See *Lamson & Sessions Co. v. Mundinger*, No. 4:08CV1226, 2009 WL 1183217, at *3 (N.D. Ohio May 1, 2009) (collecting cases).
[3] *See* Docs. 13-1 at 1; 15-1 at 2.

Case No. 1:18-cv-2104
Gwin, J.

Pearson assisted Plaintiff in negotiating and drafting the letter of intent that is at issue in this lawsuit.[4]

However, the parties dispute how far Zink-Pearson's representation went beyond these matters. Defendants state that they met with Zink-Pearson in 2012 to discuss revisions to their corporate records in anticipation of sale.[5] Defendants also say that they shared confidential business information at this meeting, and that Zink-Pearson suggested a potential purchaser.[6] The Defendants unsuccessfully discussed a potential sale with this buyer. Defendants say that they sought Zink-Pearson's advice on sale-related matters again on several occasions between 2013 and 2016.[7]

Zink-Pearson, on the other hand, denies that she advised Defendants after 2012.[8] She admits that she did suggest a potential buyer at a May 2012 meeting with Defendants. But she denies that she otherwise advised Defendants regarding the business sale or that she had access to confidential information.

## II. Discussion

The Court has inherent power to disqualify an attorney whose representation presents a conflict of interest.[9] In doing so, the Court uses the Ohio Rules of Professional Conduct as a benchmark.[10]

---

[4] Docs. 13-1 at 3; 15-1 at 3-4.
[5] Doc. 13-1 at 2.
[6] *Id.*
[7] *Id.*
[8] Doc. 15-1 at 3. Her affidavit includes billing records showing that she did not bill defendants after September 2012. *Id.* at 6.
[9] *Henry Filters, Inc. v. Peabody Barnes, Inc.*, 82 Ohio App. 3d 255, 262, 611 N.E.2d 873, 877 (Ohio Ct. App. 1992) ("The trial court has the authority and the duty to prevent a violation of the Code of Professional Responsibility involving conflicts of interest.").
[10] *See In re Snyder*, 472 U.S. 634, 645 n. 6 (1985) (explaining that federal courts may require attorneys to conform to state ethical rules because state bar admission is a precondition of federal bar admission).

Case No. 1:18-cv-2104
Gwin, J.

Defendants argue that Zink-Pearson's continued representation violates Ohio Rule of Professional Conduct 1.9(a), which provides that "[u]nless the former client gives *informed consent, confirmed in writing*, a lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a *substantially related matter* in which that person's interests are materially adverse to the interests of the former client."[11]

Plaintiff's interests are plainly averse to Defendants' and Defendants have not given written informed consent.[12] Thus, the only issue is whether this lawsuit is "substantially related" to the matters in which Zink-Pearson and her firm represented Defendants.[13]

There is no dispute that Zink-Pearson advised Defendants regarding a potential sale of the business in 2012 and suggested a potential buyer. The sale of Defendants' business is the same transaction at issue in this lawsuit, albeit to a different purchaser.[14] Thus, her representation violates Rule 1.9.

Courts disqualifying attorneys for conflict-of-interest violations have also required a showing that the attorney acquired confidential information from the party seeking disqualification.[15] Because these matters were substantially related, the Court presumes

---

[11] Ohio R. Prof. Cond. 1.9(a) (emphasis in original).
[12] Zink-Pearson states that her law partner generally handled Defendants' sale-related business. However, under Ohio R. Prof. Cond. 1.10(a) her firm's conflict is imputed to Zink-Pearson.
[13] *See* Ohio R. Prof. Cond. 1.0(n) (defining "substantially related matter" as "one that involves the same transaction or legal dispute or one in which there is a substantial risk that confidential factual information that would normally have been obtained in the prior representation of a client would materially advance the position of another client in a subsequent matter").
[14] *See* Ohio R. Prof. Cond. 1.9(a), Official Comment 2 ("When a lawyer has been directly involved in a specific transaction, subsequent representation of other clients with materially adverse interests in that transaction clearly is prohibited.").
[15] *Dana Corp. v. Blue Cross & Blue Shield Mut. of N. Ohio*, 900 F.2d 882, 889 (6th Cir. 1990).

Case No. 1:18-cv-2104
Gwin, J.

that Defendants disclosed confidential information to Zink-Pearson in the course of her representation.[16]

Although Zink-Pearson asserts that her sale-related advice was limited to her suggesting a potential buyer, she was admittedly present at a meeting at which a potential sale was discussed and "any doubts as to the existence of an asserted conflict of interest must be resolved in favor of disqualification in order to dispel any appearance of impropriety."[17] Further, the Court finds that Zink-Pearson's disqualification would not work any hardship to Plaintiff at this early stage of litigation.

Because the Court disqualifies Zink-Pearson on these grounds, the Court need not consider whether her representation would also violate Ohio Professional Rules 3.7 and 1.7.

### III. Conclusion

For the reasons stated above, the Court **GRANTS** Defendants' motion to disqualify. The Court orders Zink-Pearson to withdraw from representing Plaintiff.

IT IS SO ORDERED.

Dated: February 8, 2019      *s/     James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE

---

[16] *See Douglass v. Priddy*, 11th Dist. Geauga No. 2013–G–3172, 2014-Ohio-2881, ¶ 27 ("[A] court can properly assume that confidences were disclosed to the attorney on the subject matter of the representation during the course of the former representation, so long as the former representation was substantially related"). This assumption is particularly warranted here given the small size of Zink-Pearson's firm.
[17] *Kala v. Aluminum Smelting & Ref. Co.*, 688 N.E.2d 258, 266 (1998).